UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KELVIN DEWAYNE ALTHEIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-0334 |
| ) | Judge Brown |
| SETON CORPORATION ) | |
| d/b/a Baptist Hospital, ) | |
| ) | |
| Defendant. ) | |

To:   The Honorable Todd Campbell, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned RECOMMENDS that: 1) the defendant's motion to dismiss for insufficient service of process be denied; 2) the defendant's motion to dismiss be granted because the plaintiff has failed to state a claim on which relief may be granted, because this action is barred by the statute of limitations, and because this action is barred by the doctrine of collateral estoppel; 3) the plaintiff's pending motions be denied; 4) any appeal not be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

## I.  INTRODUCTION

The plaintiff, Kelvin DeWayne Altheimer, proceeding *pro se* and *in forma pauperis*, is a resident of Ecorse, Michigan.  (DE # 1, ¶ 2, p. 1)  He brings this action under 28 U.S.C. §§ 1981, 1982, and 1983 against the Seton Corporation doing business as Baptist Hospital in Nashville, Tennessee.  (DE # 1, ¶ 1, p. 1)  This action was referred to the undersigned on April 18, 2006 "for entry of a scheduling order; decision on all pretrial, nondispositive motions; and a report and recommendation on any dispositive motions."  (DE # 4)

## II.  BACKGROUND

Altheimer asserts that he had been drinking at a bar in Nashville when he went to Baptist Hospital for a headache at approximately 3:00 o'clock the morning of January 22, 2005.  (DE # 1,

¶ 4, cont. p. 4) He avers that he was given an x-ray, fed breakfast, and then discharged at approximately 11:00 a.m. that same day. (DE # 1, ¶ 4, cont. p. 4)

Altheimer claims that, while he was sitting in the emergency waiting room, Officer Robert Antone, a Baptist Hospital security officer, approached him and told him that he had 30 minutes for someone to pick him up otherwise Officer Antone was going to put him out of the hospital. (DE # 1, ¶ 4, cont. p. 2) According to Altheimer, when he went to the front desk to see if his ride had arrived, Officer Antone sprayed him with pepper spray for no reason and then forced him to the ground. (DE # 1, ¶ 4, cont. p. 3)

Altheimer claims that he was then taken into custody by a Metro police officer and that he spent 5 days in jail charged with disorderly conduct. (De # 1, ¶ 4, cont. pp. 3, 6) According to Altheimer, the charge was dismissed on March 5, 2005. (DE # 1, ¶ 4, cont. p. 6)

On March 5, 2005, Altheimer brought an action in district court against Baptist Hospital setting forth the identical facts that he recounts in this action. *Kelvin Altheimer v. Baptist Hospital*, Case No. 3:05-0188 (M.D. Tenn., Mar. 10, 2005)(Campbell, J.). The action was dismissed on March 10, 2005 for want of jurisdiction. *Id*. (DE # 3). Altheimer did not appeal, nor did he file any post-judgment motions.

The record shows that Altheimer then brought a related civil action in the Davidson County Circuit Court. *Kelvin Dewayne Altheimer v. Seton Corporation d/b/a Baptist Hospital*, No. 05C-1048 (Davidson Cnty. Cir. Ct. 2005)(Kurtz, J.).[1] The Davidson County Circuit Court subsequently dismissed most of Altheimer's claims – including his federal constitutional claims under §§ 1981, 1982, and 1983 – except for battery and false arrest/imprisonment. *Id*. (Order, filed Jun. 6, 2005). Approximately two months later, Judge Kurtz ordered, adjudged, and decreed that "the Plaintiff's

---

[1] Documents pertaining to Altheimer's case in the Davidson County Circuit Court are attached to the complaint.

2

claims against Defendant, Seton Corporation d/b/a Baptist Hospital, are hereby dismissed in their entirety, with prejudice, and a final judgment is entered in favor of Defendant." *Id.* (Final Judgment, entered Aug. 8, 2005).

The documentation provided by Altheimer shows that he appealed the judgment of the trial court. *Kelvin Altheimer v. Baptist Hospital*, No. M2005-02040-COA-R3-CV)(Tenn. App. 2006). Research has revealed that the appeal was dismissed on February 2, 2006 on procedural grounds.

Altheimer filed the complaint in this action on April 5, 2006. (DE # 1) The defendant filed a motion to dismiss and supporting memorandum of law on May 17, 2006. (DE # 9-10) In response, Altheimer filed the following on June 8, 2006: 1) a "Motion Not To Dismiss" (DE # 16); 2) a motion for "recoil" in Case No. 3:05-0188(DE # 18); 3) a motion to supplement the record with pleadings from Case No. 3:05-0188 (DE # 19); 4) a motion supporting his claims for "everything" (DE # 20).

### III. ANALYSIS

The defendant sets forth the following arguments in support of the motion to dismiss: 1) insufficiency of service of process (DE # 10, pp. 3-4); 2) failure to state a claim on which relief may be granted (DE # 10, pp. 4-5); 3) the complaint is barred by the doctrine of collateral estoppel (DE # 10, pp. 7-8). The defendant sets forth two arguments in support of 2) above: first, that Altheimer has failed to allege any facts to support his claim that he was an alien or subjected to racial discrimination; and second, that the claims are barred by the statute of limitations.

#### A. Insufficiency of Service of Process

Citing Rule 4(h), Fed. R. Civ. P., the defendant argues that service of process in this action was insufficient and, as such, the complaint is subject to dismissal under Rule 12(b)(5), Fed. R. Civ. P. (DE # 10, pp. 3-4)

The Federal Rules of Civil Procedure provide that, "unless otherwise provided by federal law, service upon a domestic or foreign corporation . . . . that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed" shall be made "pursuant to the law of the state in which the district court is located" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Rules 4(e)(1), 4(h) and 4(h)(1), Fed. R. Civ. P.

The record shows that process was served on Boult, Cummings, Conners & Berry, PLC, the law firm that represented the defendant in the case brought by Altheimer in the Davidson County Circuit Court and the law firm representing the defendant in the instant action. (DE # 10, p. 4) According to the defendant, Boult, Cummings, Conners & Berry "is not authorized, either under . . . Rule [4(h)] or by statute, to accept service" on its behalf. (DE # 10, p. 4)

Apart from the self-serving statement that Boult, Cummings, Conners & Berry is not authorized to accept service of process, the defendant has provided nothing that would permit the Court to conclude that the defendant is entitled to relief under Rule 12(b)(5). Although a certified copy of documentation filed with the Secretary of State for the State of Tennessee that identifies who the appointed agent is for service of process under Tenn. Code Ann. § 48-15-101 would have settled the matter, as presented, the defendant's unsupported argument proves nothing.

The defendant has failed to show that it is entitled to judgment as a matter of law based on sufficiency of service of process. Therefore, the defendant's motion to dismiss under Rule 12(b)(5) should be denied.

### B. Failure to State a Claim on Which Relief May be Granted

In dismissing a complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., "[t]he court must

4

construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Beztak Land Co. v. City of Detroit*, 298 F.3d 559, 565 (6th Cir. 2002)(quoting *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)). "'A motion to dismiss under Rule 12(b)(6) should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (citing *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001))(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Ultimately, because a Rule 12(b)(6) motion tests the sufficiency of the complaint, the Court's review amounts to a determination of whether it is possible for the plaintiff to prove any set of facts in support of his claims that would entitle him or her to relief. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)(explaining that a court "should deny [a Rule 12(b)(6) ] motion unless it is clear that the plaintiff can prove no set of facts in support of h[is] claim that would entitle h[im] to relief"); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)("The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."); *see Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)("[a] Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint" and explaining that a claim should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

1. Failure to Allege Facts to Support
a Claim of Discrimination

The defendant argues that it is entitled to relief under Rule 12(b)(6) because Altheimer has failed to provide any factual allegations that he is an alien, and that the factual allegations of discrimination that he does provide are conclusory. (DE # 10, pp. 5-6) The undersigned believes that the issue is more basic than that.

5

Title 42 U.S.C. § 1981 pertains to the right to enter into and to enforce contracts without fear of discrimination. There are no contractual issues in this case. Title 42 U.S.C. § 1982 pertains to the right of every citizen to enjoy property rights without discrimination. There also are no property rights at issue in this case.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The defendant does not appear to be a state actor for purposes of § 1983 nor does Altheimer allege that it is. Even assuming for the sake of argument that the defendant were a state actor, Altheimer's only possible legal theory is that the defendant is liable for the alleged actions of Officer Antone. However, the law is well settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendant was personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For vicarious liability to attach, the defendant must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Altheimer does not allege that the defendant was directly responsible for any of the alleged

6

actions of Officer Antone. Nor does he allege that Officer Antone acted pursuant to a policy or custom of the defendant's that violated his constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). In fact he provides no factual allegations with respect to the defendant at all.

As explained above, the complaint fails to state a claim on which relief may be granted. Therefore, the defendant's motion to dismiss under Rule 12(b)(6) should be granted.

## 2. Statute of Limitations

The defendant argues that the complaint should be dismissed because it was not filed within the statute of limitations governing civil rights actions arising in Tennessee. (DE # 10, pp. 6-7)

Congress did not establish a limitations period applicable to civil rights actions, therefore, federal courts "borrow" analogous state statutes of limitations. *See Wilson v. Garcia*, 471 U.S. 262, 276 (1985); *Board of Regents v. Tomanio*, 446 U.S. 478, 483-85 (1980); *Southerland v. Hardaway Management Co., Inc.*, 41 F.3d 250, 253 (6th Cir. 1995). For all §§ 1981, 1982, and 1983 actions, federal courts apply the state personal injury statute of limitations. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-62 (1987)(§§ 1981 and 1982 claims); *Wilson*, 471 U.S. at 280 (§ 1983 claims). The statute of limitations for personal injury arising in Tennessee and brought under federal civil rights statutes is one year. *See* Tenn. Code Ann. § 28-3-104(a)(3); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992).

Although the duration of the statute of limitations is governed by state law, federal standards govern when the statute begins to run. *See Wilson*, 471 U.S. at 267; *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1986). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003). Ordinarily, the "discovery rule" applies to establish the date on which the

7

statute of limitations begins to run, *i.e.,* the date when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis of his action. *Sevier,* 742 F.2d at 273. This inquiry is objective and the court looks "to what event should have alerted the typical lay person to protect his or her rights." *Hughes v. Vanderbilt*, 215 F.3d 543, 548 (6th Cir. 2000); *see also Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir.1991).

Officer Antone's alleged actions on the morning of January 22, 2005 constituted the injury that gave rise to Altheimer's cause of action. However, Altheimer did not file this action until April 5, 2006, approximately two and one-half months after the one-year statute of limitations had run.

The statute of limitations may be tolled in actions alleging civil rights violations. *See e.g., Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The Supreme Court likewise has recognized the doctrine of equitable tolling in civil rights cases, holding that statutory filing deadlines "should not be construed to erect a jurisdictional prerequisite to suit in the district court." *Zipes v. Transworld Airlines, Inc.*, 455 U.S. 384, 397 (1982). Rather, the statutory filing deadlines are more analogous to a limitations statute, "subject to waiver as well as tolling when equity so requires . . . ." *Id.* at 398.

Whether courts apply equitable tolling depends on an analysis of the following factors: 1) lack of actual notice of filing requirements; 2) lack of constructive notice of filing requirements; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; 5) the reasonableness of a plaintiff remaining ignorant of the notice requirement. *Andrews*, 851 F.2d at 151 (citing *Wright v. State of Tenn.*, 628 F.2d 949, 953 (6th Cir. 1980)). Altheimer does not allege a lack of actual or constructive notice of the filing requirements or reasons for not knowing the expiration of the statue of limitations that would make his ignorance reasonable. Moreover, Altheimer does not argue that the doctrine of equitable tolling should be applied in this case. Even if he did, because Altheimer previously sought relief in this matter in both state and federal court within the required limitations

8

period, the undersigned would remain of the view that equitable tolling is not warranted in this action.

For the reasons explained above, this action is barred by the statute of limitations. Therefore, the defendant's motion to dismiss should be granted on these grounds as well.

### C. Collateral Estoppel

The defendant argues that "the issues presented are identical to those already litigated and decided in the Circuit Court Case." (DE # 10, pp. 7-8) As such, the defendant argues that it is entitled to have the case dismissed under the doctrine of collateral estoppel. (DE # 10, pp. 7-8)

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979).

The doctrine of collateral estoppel applies when: 1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; 2) the issue was actually litigated and decided in the prior action; 3) the resolution of the issue was necessary to a judgment on the merits in the prior litigation; 4) the party to be estopped was a party to the prior litigation (or in privity with such a party); 5) the party to be estopped had a full and fair opportunity to litigate the issue. *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005)(citing *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 704 (6th Cir. 2005)). It is clear from the record that the issues in Altheimer's case in the Davidson County Circuit Court were identical to those in this action, that those issues were litigated and decided, that the

9

resolution of those issues was necessary to the judgment on the merits, that Altheimer was a party to that prior litigation, and that Altheimer did, in fact, litigate the specific issues that he now raises in this action.

Altheimer's claims before this Court are raised under §§ 1981, 1982, and 1983. The record shows that Altheimer also raised his §§ 1981, 1982, and 1983 claims in the Davidson County Circuit Court, but that the Circuit Court declined to hear those claims. Instead, the trial court heard only those issues pertaining to Altheimer's claims of battery and false imprisonment stemming from Officer Antone's alleged conduct. Nevertheless, the issues that were adjudicated in the Davidson County Circuit Court are the same issues that Altheimer must prove to establish that he is entitled to relief under §§ 1981, 1982, and 1983 – which the undersigned previously concluded he was not.

For the reasons stated above, the doctrine of collateral estoppel applies in this action. Therefore, the defendant's motion to dismiss should be granted on these grounds.

### D. Plaintiff's Pending Motions

#### 1. Plaintiff's "Motion Not To Dismiss"

In his memorandum in support of his motion not to dismiss (DE # 17), Altheimer: 1) asserts that his previous cases were necessary to "get the evidence" that he needed to "prove [his] case for racial discrimination and against aliens," pp. 1, 6); 2) maintains that the instant action is not the same as that filed in Davidson County Circuit Court, pp. 2, 8; 3) repeats the factual allegations set forth in his complaint, pp. 3-5, 8-9; 4) provides the court with several folksy expressions pertaining to this matter, pp. 6-8. Altheimer does not, however, provide any legal arguments, references to the record, or citation to relevant legal authority that challenges the grounds for the defendant's motion to dismiss. Therefore, Altheimer's "Motion Not To Dismiss" should be denied.

#### 2. Plaintiff's Motion for "Recoil" in Case No. 3:05-0188

10

Altheimer has filed a motion to "recoil" the district court's judgment in Case No. 3:05-0188. (DE # 18) The undersigned liberally construes this motion as a motion to reconsider the final judgment in his previous case in district court. Because Case No. 3:05-0188 has nothing to do with this action, the motion should be denied.

### 3. Plaintiff's Motion to Supplement the Record with The Record in the Davidson County Circuit Court Case No. 05C-1048

Altheimer has moved the Court for permission to supplement the record in this action with the record in his Davidson County Circuit Court case. (DE # 19) However, for reasons stated herein, granting Altheimer permission to do so would be futile. Accordingly, the motion should be denied.

### 4. Plaintiff's Motion Supporting His Claims

In this motion, Altheimer cites to numerous sources in support for his "base amount" demand for forty million dollars ($40,000,000.00) in damages plus punitives. (DE # 20) As reasoned herein, Altheimer is not entitled to relief. Therefore, this motion should be denied.

## VI. CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS that: 1) the defendant's motion to dismiss for insufficient service of process be denied; 2) the defendant's motion to dismiss be granted because the plaintiff has failed to state a claim on which relief may be granted, this action is barred by the statute of limitations, and this action is barred by the doctrine of collateral estoppel; 3) the plaintiff's pending motions be denied; 4) any appeal not be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written

objections to the proposed findings and recommendations made herein.  Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this \_\_\_15th\_\_\_ day of August, 2006.

_____
Joe B. Brown
Magistrate Judge